*Western Division*

ALFRED LUSZCZ

*v.*

WAVERLY HEIGHTS, INC.

Argued: April 30, 1973. Decided: May 2, 1973.

SEE: 18 LEGALITE 35.

*Present:* Dudley, P.J., Gould, Cimini, J.J.

Case tried to *Sloan, J.,* in the District Court of Springfield. No. 203333.

**Gould, J.** This is an action of contract in which the plaintiff seeks to recover on an account annexed for labor which he employed, the sum of $805.20; for repairs to a chain saw owned by the defendant and used by the plaintiff in the pursuance of work for the defendant, the sum of $65.62; for his own labor $552.00; for gasoline used in the work $65.00; and calcium, in the sum of $28.35; that the defendant had paid $500.00 on account, leaving a balance of $1017.17 The answer is a general denial and special plea of payment.

*At the trial there was evidence tending to show:*

The plaintiff and the defendant orally agreed that the plaintiff, in spare time, should cut trees for the defendant, clearing land belonging to the defendant, using the defendant's chain saw; that the defendant would clear the trees that the plaintiff chopped down. After some work had been done and the trees had not been cleared away, the plaintiff asked the defendant if he could hire some men to clear away the trees and brush that had been chopped down, so that he could get through and

work further into the woodland; that the defendant assented thereto, the plaintiff hired three men to clear away the trees and brush chopped down by the plaintiff himself; that he had paid the three men the sum of $805.20; that the plaintiff had paid out the sum of $65.62 for repairs made from time to time to the chain saw as it broke down; that he had bought gasoline for the sum of $35.00 for the operation of the chain saw; that he paid $30.00 for gasoline used in burning brush; that he had used 9 bags of calcium valued at $28.35 in the work. The last item was agreed to by the defendant; that the defendant had paid the sum of $500.00 but had refused to pay any more; that the plaintiff had cleared an area of about 30,000 square feet of brush land in pursuance of the work.

The defendant testified that he and the plaintiff agreed on a $500.00 figure for which the plaintiff was to clear a strip 30 feet wide and 500 feet long, including a dog leg and that the plaintiff was to maintain the saw.

The court found the following facts:

"I find that the plaintiff and defendant orally agreed that the defendant would pay the plaintiff the sum of $500.00 for cutting trees and did so, and in addition to pay the sum of $28.35 for calcium."

The plaintiff duly filed a number of requests for rulings, only two of which I feel are pertinent to this opinion, namely Rulings 9 and 10.

No. 9 stated: "There is sufficient evidence to warrant a finding that the defendant ratified the doing of extra work beyond the original agreement."

No. 10 stated: "There is sufficient evidence to warrant a finding that the original agreement by the parties was modified later to include all extra work done by the plaintiff or his agents or servants."

The trial judge allowed both of these requests.

It would appear that said allowance was inconsistent with his findings of fact.

Reversible error found. Case ordered returned to District Court for re-trial.

A. ABRAHAM BENTON
for plaintiff.

A. SCIBELLI
for defendant.

*Northern Division*